UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINETTE JOHNSON,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                               Case No. 1:14-cv-1041

PATRICK DONAHOE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #4). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

## BACKGROUND

As of July 2001, Plaintiff was employed by the United States Postal Service. (Dkt. #1, Dkt. #5, Exhibit A). On July 9, 2001, Plaintiff was notified that the Postal Service intended to terminate her employment on the ground that she "was a potential physical hazard to others." (Dkt. #1). Plaintiff subsequently submitted a letter to two of her supervisors requesting that they identify "the specific behavior. . .which is considered a direct threat to my co-workers." (Dkt. #1). In response, the Human Resource Manager informed Plaintiff, "I am not able to provide you with this information. (Dkt. #1). Plaintiff's employment with the Postal Service was soon thereafter terminated. (Dkt. #1, Dkt. #5, Exhibit A). Plaintiff initiated the present action more than thirteen (13) years later alleging that Defendant "deprived me of my property interest in continued employment with the postal service

without procedural due process of law when they failed to provide me with notice and an opportunity to respond to allegations of 'threatening conduct' that led to my involuntary termination." Defendant now moves to dismiss Plaintiff's action for failure to state a claim on which relief may be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not

> unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

In support of his request for relief, Defendant asserts several arguments only one of which, the timeliness of Plaintiff's action, need be considered. Plaintiff asserts a constitutional tort, namely that Defendant violated her Fifth Amendment right to due process of law by failing to timely provide her with the aforementioned information. The timeliness of constitutional tort actions is determined by reference to the statute of limitations applicable to personal tort actions in the state where the claim arose. *See, e.g., Verhovec v. City of Trotwood, Ohio*, 2015 WL 1809419 at *3 (S.D. Ohio, Apr. 21, 2015) (citing *Hardin v. Straub*, 490 U.S. 536 (1989)).

Under Michigan law, the limitations period applicable to personal injury actions varies, but in no circumstance is longer than five (5) years. *See* Mich. Comp. Laws § 600.5805. While the Court looks to state law to identify the applicable statute of limitations, federal law must be applied when determining when the relevant limitations period begins to run. *See, e.g., Hebron v. Shelby County Government*, 406 Fed. Appx. 28, 30 (6th Cir., Dec. 22, 2010). Under federal law, the statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). A plaintiff has reason to know

of her injury when she "should have discovered it through the exercise of reasonable diligence." *Dotson v. Lane*, 360 Fed. Appx. 617, 619 n.2 (6th Cir., Jan. 5, 2010).

Plaintiff's employment with the Postal Service was terminated on an unspecified date in 2001. (Dkt. #5, Exhibits A-B). The basis of Plaintiff's claim is that because she was not provided, prior to her termination, the information referenced above, she was deprived of the right to respond to the allegations that led to her termination. Thus, Plaintiff knew or should have known of her injury no later than the date of her termination. Accordingly, the statute of limitations began to run in this matter no later than January 1, 2002, and expired, therefore, no later than January 2, 2007. The present action, filed October 6, 2014, is untimely. Plaintiff has failed to advance, and the Court does not discern, any argument that the statute of limitations should have been tolled in this matter or that the limitations period is otherwise inapplicable. Plaintiff's action is, therefore, untimely and must be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (Dkt. #4), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  May 1, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge